NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCAL 96, NEW YORK NEW JERSEY., REGIONAL JOINT BOARD, A/W WORKERS UNITED, A/W SEIU <br><br> Plaintiffs, <br><br> v. <br><br> ROSDEV HOSPITALITY, et al. <br><br> Defendants. | Civil Action No.: 09-6539 (JLL) <br><br> **ORDER** |

This matter comes before the Court by way of Plaintiffs' application for a preliminary injunctionwith temporary restraints pursuant to Federal Rule of Civil Procedure 65. The Court has considered Plaintiffs' submission and, based on the reasons that follow, denies Plaintiffs' application.

1. The parties to the instant matter were, at all relevant times, parties to a collective bargaining agreement. (Compl., ¶ 6).

2. Since execution of the collective bargaining agreement, Defendants have maintained a weekly payroll period. (Compl., ¶ 9). "The weekly payroll period is a custom and past practice which is considered part of the collective bargaining agreements." Id.

3. Plaintiffs' Complaint alleges that "[o]n or before January 1, 2010, the Defendants intend to change the payroll period from weekly to bi-weekly without the consent of the Union and without providing notice and opportunity to bargain to the Union." (Compl., ¶ 10). Such a

   change will, according to Plaintiffs, "fundamentally violate the [parties] collective bargaining agreement." (Compl. at 1).

4.  In light of the foregoing, Plaintiffs seek temporary restraints to prevent Defendants from executing this change in payroll policy.

5.  As a preliminary matter, the Court notes that Plaintiffs have failed to provide notice of the instant application to Defendants. Plaintiffs' failure to do so, coupled with its failure to submit a certificate by an attorney with a specific evidentiary showing that said notice would moot the requested relief or was otherwise impossible, is fatal to its application.

6.  Even if Plaintiffs **had** provided Defendants with the requisite notice, Plaintiffs have failed to demonstrate that the type of injury alleged constitutes immediate irreparable harm in this Circuit.

7.  A party seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Moreover, a plaintiff must establish more than a risk of irreparable injury. He must demonstrate "'a clear showing of immediate irreparable injury.'" Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 205 (3d Cir.1990) (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 225 (3d Cir. 1987)) (emphasis added)).

8.  Plaintiffs allege the following injuries which may flow from Defendants potential decision to change the payroll policy:

   •  "The Defendants' violation of the collective bargaining

      agreements will undermine the confidence of the bargaining unit members that the Union is capable of enforcing the collective bargaining agreements, causing the Union to loose [sic] support within the bargaining unit." (Compl., ¶ 16(a)).

- "The unilateral implementation of the bi-weekly payroll period presents the Union with a fait accompli in the event that negotiations are engaged at some future date. The Union will be seeking to reverse what has already been done rather than prevent what is contemplated but not yet enacted." (Compl., ¶ 16(b)).

- "By the time any arbitral award is obtained, workers affected by the change to the payroll period may have quit or suffered other irreparable harm as a result of the change and the numerous inconveniences and burdens imposed on them by the change. Collecting evidence of the consequential harm suffered by dozens of workers and presenting that evidence at arbitration will prove extraordinarily taxing and burdensome." (Compl., ¶ 16(c)).

9. Plaintiffs have failed to allege any set of facts which, if true, cannot be adequately remedied by money damages. Moreover, Plaintiffs have not alleged any extraordinary circumstances which would otherwise constitute irreparable harm. See Morton v. Beyer, 822 F.2d 364, 373, n. 13 (3d Cir. 1987) (finding irreparable harm to licensed racing trainer's business and reputation where he was completely evicted from the racetrack, which was essential to his pursuit of livelihood). At most, Plaintiffs allege that if Defendants go forward with this change in payroll policy, some workers "may" quit and that it may be more difficult for the Union to reverse this policy once it is in effect. Plaintiffs fail to explain how such circumstances constitute harm which is irreparable or otherwise unable to be traced or redressed by money damages following a decision on the merits.

Accordingly, it is on this **30th day of December, 2009,**

**ORDERED** that Plaintiffs' application for a preliminary injunction with temporary restraints is denied in its entirety.

**SO ORDERED.**

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE